PEOPLE, PLAINTIFF AND APPELLEE, *v.* JIMÉNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Perjury.

No. 1072.—Decided June 8, 1917.

PERJURY—EVIDENCE—PRESUMPTION.—In a trial for perjury under the Election Law the court allowed the district attorney, over the objection of the attorney for the defendant, to ask the defendant how many times· he had been accused of the same offense, and he replied that three informations had been read to him. *Held:* That it was prejudicial error to allow this question because an accusation or information is no proof or presumption of guilt and it tended to discredit the accused before the jury and influence a verdict of guilty.

The facts are stated in the opinion.
*Mr. Celestino Iriarte, Jr.,* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Eugenio Jiménez Clas was charged in the District Court of San Juan, Section 2, with having on June 30, 1914, in the city of San Juan and on the days fixed for challenging voters who might take part in the general elections to be held in this Island on November 3 of the said year, unlawfully, wilfully and maliciously and with the intention

of depriving the qualified voter Víctor Aguilar of his vote, appeared before a notary public authorized to administer oaths and knowing that he was swearing falsely, after taking an oath to speak the truth, affirmed that Víctor Aguilar, who was registered in the fifth *barrio* as being twenty-eight years of age and dark complexioned, was serving a sentence for felony in the penitentiary of this city, knowing the same to be false and material, and asked that his name be stricken from the provisional registration list, the truth being that Víctor Aguilar has served no sentence and has not been imprisoned in the penitentiary for such felony.

Judgment of conviction of perjury having been rendered against the accused and the present appeal having been taken by him, we find that one of the errors assigned by him as ground for the reversal of said judgment and of the ruling of the court denying him a new trial, is that the lower court erred in allowing the prosecution to put the following question to the defendant-appellant, over the objection thereto made by his attorney: "How many charges have been made against you for challenges?" His answer was that he had been arraigned three times.

The testimony of the defendant at the trial was confined to the reasons he had for challenging Víctor Aguilar as the result of certain investigations which he said he had made, and on cross-examination the district attorney put the above question which, notwithstanding the objection of the defendant's attorney, the court allowed to be answered.

The appellant contends that the purpose of that question was to discredit him in the eyes of the jury by having him appear as a liar and a violator of the law, and that the fact that charges had been made against him could not be admitted in evidence. On his part the *fiscal* of this court maintains in his brief that the purpose of this question was to show the defendant's knowledge of the crime and criminal intent, and that the courts allow such evidence in similar cases in order to show the criminal motive and design.

While it is true that there are exceptions to the general rule that when a person is brought to trial to answer for a crime he should be convicted on evidence that he is guilty of that crime only and that evidence of other crimes should not be admitted, yet we are not required in the present case to consider and decide whether or not the said question is included in the exception pleaded by the district attorney; for, referring as it does to charges made against the appellant and a charge or information preferred by the district attorney not being proof of guilt, or even a presumption of guilt, as every man is deemed innocent of a crime until the contrary is declared by judgment, the said question was clearly inadmissible even to prove what the district attorney now contends it was sought to prove; and we agree with the appellant that its only object was to discredit him in the eyes of the jury in order thus to influence a verdict of guilty. We so held also in the case of *People* v. *Ramírez, ante* p. 243.

Inasmuch as the case must be remanded for a new trial, it is not necessary to rule upon the other questions raised.

The judgment and order appealed from should be reversed and a new trial granted the appellant.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.